# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK A. TERRANO,

      Appellant,

        v.

UNITED STATES POSTAL SERVICE,

      Agency.

DOCKET NUMBER
SF-0752-13-0369-I-1

DATE: September 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joyce E. Kitchens, Esquire, Atlanta, Georgia, for the appellant.

David P. Larson, Esquire, and Samuel J. Schmidt, Esquire, Sandy, Utah,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed its removal of the appellant for violating the agency's zero tolerance policy. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly modified by this Final Order finding an additional due process violation, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant worked as a Sales, Services/Distribution Associate at the agency's Paradise Valley Station in Las Vegas, Nevada.  Initial Appeal File (IAF), Tab 8 at 9.  During a work shift in January 2013, the appellant and the station's Manager of Customer Service came into physical contact with each other at the facility.  *Id.* at 44, 48.  The appellant alleged that he only bumped into the manager and did not do so intentionally.  *Id.* at 44.  The manager alleged that the appellant stepped on his foot, hit the manager with his elbow and knocked him into a cement pole, causing the manager to hit his head and twist his right knee. *Id.* at 48.  The agency conducted an investigation and subsequently charged the appellant with unacceptable conduct—engaging in a physical altercation with a manager and violation of the agency's zero tolerance policy—and proposed his removal.  *Id.* at 23.  The deciding official sustained the charge and directed the appellant's removal.  *Id.* at 11, 14.

¶3    The appellant initiated a Board appeal challenging his removal and raised affirmative defenses of national origin and disability discrimination.  IAF, Tab 1 at 2, 5.  He amended his affirmative defenses during the proceedings by adding the defenses of reprisal for whistleblowing and discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and by withdrawing the defenses of national origin and disability discrimination.  IAF, Tab 4 at 4, Tab 16 at 4.  The administrative judge conducted a hearing and issued an initial decision that reversed the agency's removal action.  IAF, Tab 37, Initial Decision (ID) at 1.  The administrative judge found that the deciding official received new and material information via an ex parte communication when he visited the incident location between the time the appellant presented his oral reply and the deciding official made his decision on the charge and penalty.  ID at 8.  The administrative judge found that the ex parte communication violated the appellant's due process rights, and the agency's removal action could not be sustained.  ID at 9-10.  The administrative judge also found that the appellant did not prove either his reprisal for whistleblowing or USERRA discrimination claims.  ID at 15.

¶4    The agency has filed a timely petition for review, including a certification that it has complied with the administrative judge's interim relief order.  Petition for Review (PFR) File, Tab 1 at 14.  The appellant has responded in opposition to the agency's petition for review.  PFR File, Tab 4.

The deciding official's visit to the incident location was not cumulative information and thus denied the appellant his right to a constitutionally correct removal procedure.

¶5    Our reviewing court has held that, when a deciding official receives new and material information relating to either the merits of the underlying charge or to the penalty determination by means of ex parte communications, then a due process violation has occurred, and the appellant is entitled to a new constitutionally correct procedure.  *Ward v. U.S. Postal Service*, 634 F.3d 1274,

1280 (Fed. Cir. 2011).  An ex parte communication is a term of art, and refers to information available to the deciding official, where the appellant is not on notice that the information may be considered.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999) (discussing when ex parte concerns arise in connection with an adverse action); *Black's Law Dictionary* 316 (9th ed. 2009) (defining an ex parte communication as one "between counsel and the court when opposing counsel is not present," and noting that "such communications are ordinarily prohibited").

¶6        Not every ex parte communication undermines the due process guarantee and entitles an appellant to an entirely new administrative proceeding; rather, only ex parte communications that introduce new and material information will violate the due process guarantee of notice and opportunity to respond.  *Gray v. Department of Defense*, 116 M.S.P.R. 461, ¶ 6 (2011).  Factors to be considered are whether:  (1) the ex parte communication merely introduces "cumulative" information or new information; (2) the employee knew of the communication and had a chance to respond to it; and (3) the ex parte communication was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner.  *Young v. Department of Housing & Urban Development*, 706 F.3d 1372, 1376 (Fed. Cir. 2013) (citing *Stone*, 179 F.3d at 1376-77) (the three "Stone" factors).  The ultimate inquiry is whether the ex parte communication was so substantial and so likely to cause prejudice that no employee could fairly be required to be subjected to a deprivation of property under such circumstances.  *Gray*, 116 M.S.P.R. 461, ¶ 7.

¶7        As to the first *Stone* factor, the administrative judge found the site visit to be new and material information because the visit did more than clarify or confirm information already in the record.  ID at 8.  The administrative judge found that the deciding official learned that alternate paths away from the incident location were available to the appellant, something he did not know at the close of the appellant's oral reply meeting.  ID at 9.  The agency argues in its

petition for review that the deciding official's observations from the site visit were not new and only confirmed evidence of which the appellant was aware. PFR File, Tab 1 at 8. The agency argues that the appellant was aware of the facility layout and location where the incident occurred, so the information could not be new, and the deciding official's visit to the location only confirmed information known by the parties. *Id.* at 11.

¶8      We disagree with the agency's argument; the fact that the underlying information is known to the appellant does not determine whether it is cumulative. *See Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶¶ 11, 13 (2011) (holding that it was improper for the deciding official to consider a prior 3-day suspension and other alleged past instances of misconduct because the agency failed to advise the appellant of these factors in the proposal notice). Here, the deciding official testified that at the end of the oral reply meeting he was unaware as to whether an alternate route for walking away from the incident was available to the appellant. Hearing Transcript (HT) at 242-43. The deciding official also testified that it was after the site visit that he determined the appellant had violated the agency's zero tolerance policy partly because there were alternate routes to walk and the appellant chose to walk into the manager's space. *Id.* at 239-40. Because the information influenced the deciding official's determination on the charge, the ex parte communication was not clarifying information already in the record but was new and material information. *See Young*, 706 F.3d at 1377 (where the deciding official admits that the ex parte communication played a significant role in her decision, such communication introduced new and material information).

¶9      As to the second *Stone* factor, the deciding official admitted that he did not provide the appellant with an opportunity to respond to the information obtained at the site visit. HT at 221-22. Based on the deciding official's own testimony, we agree with the administrative judge that the appellant did not have an

opportunity to respond to the new information as required under the second *Stone* factor.  ID at 9.

¶10     As for the third *Stone* factor, undue pressure, our reviewing court has held that this factor is less relevant to determining whether the ex parte communication deprived the employee of due process where the deciding official admits that the ex parte communication influenced his determination.  *Young*, 706 F.3d at 1377.  The administrative judge found that the deciding official relied on the site visit information to reach his conclusion that the appellant intentionally walked towards the manager rather than using an alternate route and to influence his determination that the appellant lacked the potential for rehabilitation.  ID at 9; HT at 202.  The deciding official testified that he wanted to see for himself whether there were alternate exits from the area where the incident occurred because the appellant did not respond to his statement during the oral reply meeting regarding whether alternate routes were available.  HT at 219-20, 242-43.  The deciding official also testified that the appellant's decision not to choose an alternate path of walking away from the manager was the deciding factor to him in sustaining the charge.  *Id.* at 240.  Based on the deciding official's testimony, the information obtained ex parte during his visit to the incident location influenced his decision to sustain the charge.  Therefore, we affirm the administrative judge's finding that the ex parte communication introduced new and material information to the deciding official regarding both the charge and the penalty that violated the appellant's right to due process.

<u>The deciding official's consideration of the appellant's contact with the public as an aggravating factor in his penalty determination likewise violated the appellant's right to due process.</u>

¶11     When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official.  *Bennett v. Department of*

*Justice*, 119 M.S.P.R. 685, ¶ 7 (2013). When an employee is not given notice of any aggravating factors supporting an enhanced penalty, an ex parte communication with the deciding official regarding such factors may constitute a constitutional due process violation because it potentially deprives the employee of notice of all the evidence being used against him and the opportunity to respond to it. *Id.* However, such ex parte information will only violate an employee's right to due process when it introduces new and material information to the deciding official. *Howard v. Department of the Air Force*, 118 M.S.P.R. 106, ¶ 4 (2012).

¶12    The deciding official testified at the hearing that he considered the fact that the appellant's job description included having customer contact to be an aggravating factor. HT at 200-01. He further clarified his response under questioning from the administrative judge that it is common for a supervisor to come to the front windows where customers are and direct employees to adjust their duties based on work load. *Id.* at 232. The deciding official testified, "if there was a confrontation in the back, could there not be a confrontation in the front in view of the public." *Id.* For this reason, he considered having customer contact as an aggravating factor.

¶13    The agency did not refer to the appellant's customer contact in its February 12, 2013 notice of proposed removal. IAF, Tab 8 at 23-28. The deciding official also did not refer to the specific aggravating factor in the decision letter, other than referencing that the appellant's position had daily contact with the public. *Id*. at 11. During his hearing testimony, the deciding official stated that his concern regarding the appellant's customer contact was not discussed during the oral reply meeting with the appellant. HT at 233. The deciding official only considered this item as an aggravating factor as part of his *Douglas* factor analysis. *Id.* Because the information was not included in the notice of proposed removal, the appellant was unaware that the deciding official

would consider it and had no chance to respond before the deciding official issued his decision.

¶14    As we stated previously, to find a violation of the appellant's due process rights, not only must the ex parte communication considered by the deciding official be new, but the communication must also be material. *See Ward*, 634 F.3d at 1279. An ex parte communication is material when it influences the deciding official's penalty determination. *Seeler v. Department of the Interior*, 118 M.S.P.R. 192, ¶ 9 (2012). Though the deciding official did not specifically state that he was influenced by the appellant's customer contact, we find that his identification of customer contact in his deliberations of the *Douglas* factors shows that the determination was material to his decision in this case. *See Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶ 12 (2011) (specific identification of memoranda as factors in deciding official's decision show that they were material to the case). Here, we find the deciding official's testimony regarding the appellant's customer contact, along with the apparent manner in which the information was used as an aggravating factor in the penalty determination, without advising the appellant, establishes that the appellant's right to due process was violated by the deciding official's ex parte communication. *See Young*, 706 F.3d at 1377. Consequently, because the agency twice, through consideration of ex parte communications, violated the appellant's due process guarantee to notice and an opportunity to respond, the appellant's removal must be cancelled.[2] *See Lopes*, 116 M.S.P.R. 470, ¶ 13. The agency may not remove the appellant unless and until he is afforded a new constitutionally correct removal procedure. *Id.* Accordingly, we affirm the initial decision to not sustain the removal action.

---

[2] We modify the initial decision to include the finding that use of ex parte information regarding the appellant's customer contact was an additional violation of the appellant's right to constitutional due process.

**ORDER**

We ORDER the agency to cancel the removal action effective March 23, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST** <br><br> **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63)
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.